**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIAL GAFRE FITIWI, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-67 <br><br> Agency No. <br> A062-367-879 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2023**
San Francisco, California

Before: SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel Gafre Fitiwi, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the denial of his application for a "good faith marriage" waiver under 8 U.S.C. §1186a(c)(4)(B). Under that statute, Petitioner had the burden of establishing eligibility for the waiver by showing his marriage was entered into in good faith. *See Hammad v. Holder*, 603 F.3d 536, 543 (9th Cir. 2010).

The denial was premised on numerous inconsistencies in the evidence Petitioner presented, and on his explanations, which the Immigration Judge found to be implausible. Many of the inconsistencies concerned whether Petitioner considered the two children born during the marriage to be his biological children. There was also a notable lack of any family photographs with the children. The conclusion that Petitioner failed to establish he entered into his marriage in good faith is supported by substantial evidence. *See Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004) (stating that whether a noncitizen entered into a marriage in good faith to be eligible for the waiver is an intrinsically fact-specific question that is reviewed under the substantial evidence standard). There is no evidence compelling a contrary finding.

Because the reasons for rejecting Petitioner's explanations are clear, the Supreme Court's recent decision in *Garland v. Dai*, 141 S.Ct. 1669 (2021), does not require remand. *See id.* at 1681.

**PETITION DENIED.**